UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJED HAJBEH,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2824

Honorable Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1). For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner under reasonable terms of supervision. (Pet., ECF No. 1, PageID.15.) In an order entered on October 5, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted.

[1] Petitioner filed the petition in the U.S. District Court for the Eastern District of Michigan on August 18, 2026. (ECF No. 1.) On September 30, 2026, the Eastern District of Michigan transferred the case to this Court where venue is proper. (Order, ECF No. 6.)

(Order, ECF No. 9.) Respondents filed their response on October 19, 2026, (ECF No. 13), and Petitioner filed his reply on November 2, 2026, (ECF No. 15).

## II. Relevant Factual Background

Petitioner is a citizen of Jordan who was born in Palestine. (Decision of the Immigration Judge (IJ), ECF No. 1, PageID.42; Pet., ECF No. 1, PageID.4) In 1993, Petitioner was admitted to the United States as a Lawful Permanent Resident. (Pet., ECF No. 1, PageID.5.) On or about June 10, 2003, Petitioner was detained by ICE and issued a Notice to Appear (NTA), initiating removal proceedings against Petitioner. (Koval Decl. ¶ 5, ECF No. 13-2, PageID.24.) On September 15, 2004, an IJ ordered Petitioner removed to Jordan, but granted Petitioner's application for deferral of removal to Jordan under the Convention Against Torture (CAT). (*Id.* ¶ 14, PageID.26.) On September 2, 2005, Petitioner's order of removal became final after the Board of Immigration Appeals (BIA) dismissed both parties' appeals and remanded to the immigration court for entry of a final order of removal to Jordan that was deferred under the CAT. (*Id.* ¶¶ 18–22, PageID.27–28.) On or about June 8, 2007, Petitioner was released from ICE custody pursuant to an Order of Supervision. (*Id.* ¶ 23, PageID.28.)

On March 12, 2025, Petitioner was detained by ICE after serving a five-year sentence in federal prison. (*Id.* ¶¶ 24–27, PageID.24–25, 28–29 (stating that Petitioner was convicted of "one count of Transportation of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1), and two counts of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1)".) In March 2025, ICE Enforcement and Removal Operations (ERO) sent formal requests to the Israeli and Jordanian consulates to issue travel documents for Petitioner. (*Id.* ¶¶ 28–29, PageID.29.) On June 4, 2025, the Jordanian embassy issued Petitioner a travel document that was valid for one month, but Petitioner was not deported to Jordan because of his deferral of removal order, so the travel document has since expired. (*Id.* ¶ 30.)

On December 18, 2025, ICE's Office of the Principal Legal Advisor filed a motion to reopen Petitioner's removal proceedings in the BIA and terminate the grant of deferral of removal to Jordan "based upon changed country conditions." (Dec. 18, 2025 Suriano Decl. ¶ 5, ECF No. 13-3, PageID.33; Decision of the IJ, ECF No. 1, PageID.42.) On January 6, 2026, the IJ granted ICE's motion to reopen Petitioner's removal proceedings as to his deferral of removal, and on May 27, 2026, the IJ terminated the deferral of removal to Jordan. (Oct. 19, 2026 Suriano Decl. ¶¶ 5, 8; Decision of the IJ, ECF No. 1, PageID.60.) The IJ's order further stated: "[Petitioner] continues to be under a final administrative order of removal to Jordan." (Decision of the IJ, ECF No. 1, PageID.60.) Petitioner appealed that decision to the BIA, and his appeal remains pending. (Oct. 19, 2026 Suriano Decl. ¶ 9.) *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 043-703-444 for the A-Number, select "Jordan" for the Nationality, and select Submit) (last visited Nov. 3, 2026) (indicating a case appeal was received and is currently pending).

In a declaration, ICE Deportation Officer Suriano states: "On August 19, 2026, ERO headquarters advised that [Petitioner] could be scheduled for a third country removal charter flight to the West Bank, Palestine on September 9, 2026." (Oct. 19, 2026 Suriano Decl. ¶ 10, ECF No. 13-1, PageID.21.) Thereafter, ICE ERO headquarters advised that "while [Petitioner] is able to be removed to Palestine, he will not be scheduled for removal on the upcoming charter while his appeal is pending." (*Id.*) The declaration further states: "Once [Petitioner]'s appeal is adjudicated by the BIA, ERO Detroit will promptly effectuate [Petitioner]'s removal to either Jordan or Palestine, depending on the outcome of the appeal." (*Id.* ¶ 11.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.11; Resp., ECF No. 13, PageID.10.) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, the evidence before the Court at this time indicates that Petitioner's removal, either to Jordan or Palestine, is reasonably foreseeable. Petitioner asserts that his detention is unlawful

under *Zadvydas* and violates the Fifth Amendment's Due Process Clause because he has been detained for more than six months, and his removal is not reasonably foreseeable because Respondents have not shown that any country has agree to accept Petitioner.[2] (Pet., ECF No. 1, PageID.11–14; Reply, ECF No. 15, PageID.40.) Respondents counter Petitioner's arguments by stating that Petitioner's removal is reasonably foreseeable because Jordan issued travel documents for Petitioner last year, and Petitioner's deferral of removal to Jordan was recently terminated by an IJ. (Resp., ECF No. 13, PageID.14.)

Accordingly, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice because it appears that Petitioner's removal remains reasonably foreseeable.[3]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 6, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[2] Petitioner also asserts that his removal is not foreseeable because he does not have citizenship of any country currently in existence. (Pet., ECF No. 1, PageID.11.) However, the May 27, 2026 Decision of the Immigration Judge terminating Petitioner's deferral of removal states that Petitioner is a citizen of Jordan. (Decision of the Immigration Judge, ECF No. 1, PageID.42.)

[3] If the government's efforts to remove Petitioner ultimately stall, Petitioner is free to file a new petition.